FILED

JUL 0 5 2022

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY   *GGV*                    DEPUTY

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 21cr1559-H |
| Plaintiff, | PRELIMINARY ORDER OF CRIMINAL FORFEITURE |
| v. | |
| REYES ESPINOZA (1), | |
| Defendant. | |

WHEREAS, in the Indictment, the United States sought forfeiture of all right, title, and interest in property of Defendant REYES ESPINOZA ("Defendant"), pursuant to 21 U.S.C. §§ 853(a)(1) and (a)(2) and 18 U.S.C. § 982(a)(1) as property constituting, or derived from, any proceeds Defendant obtained directly or indirectly, as the result of the violation set forth in Count 1, and any property used and intended to be used to commit and to facilitate the commission of the offense set forth in Count 1, as well as any property involved in the offense set forth in Count 2, and any properties traceable to such property involved in the commission of the violation set forth in Count 2, all in violation of 21 U.S.C. §§ 841(a)(1) and 846, and 18 U.S.C. § 1956(a)(1)(A)(i), as charged in Counts 1 and 2 of the Indictment.

//

1       WHEREAS, on or about April 22, 2022, Defendant pled guilty without a

2  written plea agreement before Magistrate Judge Barbara Lynn Major to Counts 1 and

3  2 of the Indictment charging the Defendant with conspiracy to distribute controlled

4  substances, in violation of 21 U.S.C §§ 841(a)(1) and 846, and conspiracy to launder

5  monetary instruments in violation of 18 U.S.C. §1956 (a)(1)(A)(i), consented to the

6  forfeiture allegations of the Indictment, and agreed pursuant to 21 U.S.C. §§

7  853(a)(1) and (a)(2) and 18 U.S.C. § 982(a)(1) to forfeit all property seized in

8  connection with this case,  including but not limited to, forfeiture of the following:

9              a) Real property located at 6815 Village Oaks Road NE, Remer MN

10               56672, more particularly described as:

11                 Lots One (1), Two (2), Three (3), Four (4), Five (5), Six (6), and

12                 Seven (7), Block (1) and Lot (1), Block (2), Village North Cass

13                 County, Minnesota. APN: 39-400-0110;

14       WHEREAS, on May 10, 2022, this Court accepted the guilty pleas of

15  Defendant; and

16       WHEREAS, by virtue of the facts admitted at the time of the guilty pleas, the

17  Court finds that the United States has established the requisite nexus between the

18  forfeited property and the offenses; and

19       WHEREAS, by virtue of said guilty pleas, the United States is now entitled to

20  possession of the above-referenced property, pursuant to 21 U.S.C. §§ 853(a)(1) and

21  (a)(2), 18 U.S.C. § 982 (a)(1), and Rule 32.2(b) of the Federal Rules of Criminal

22  Procedure; and

23       WHEREAS, pursuant to Rule 32.2(b), the United States having requested the

24  authority to take custody of the above-referenced property which is hereby found

25  forfeitable by the Court; and

26       WHEREAS, the United States, having submitted the Order herein to the

27  Defendant through his attorney of record, to review, and no objections having been

28  received;

Accordingly, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED:

1.    Based upon the guilty pleas of the Defendant, the United States is hereby authorized to take control and custody of the following asset, and all right, title, and interest of Defendant REYES ESPINOZA in the following property is hereby forfeited to the United States pursuant to 21 U.S.C. §§ 853(a)(1) and (a)(2) and 18 U.S.C. § 982 (a)(1) for disposition in accordance with the law, subject to the provisions of 21 U.S.C. § 853(n):

    a) Real property located at 6815 Village Oaks Road NE, Remer MN 56672, more particularly described as:

        Lots One (1), Two (2), Three (3), Four (4), Five (5), Six (6), and Seven (7), Block (1) and Lot (1), Block (2), Village North Cass County, Minnesota. APN: 39-400-0110;

2.    The aforementioned forfeited asset is to be held by United States Marshals Service in its secure custody and control.

3.    Pursuant to Rule 32.2(b) and (c), the United States is hereby authorized to begin proceedings consistent with any statutory requirements pertaining to ancillary hearings and rights of third parties.  The Court shall conduct ancillary proceedings as the Court deems appropriate only upon the receipt of timely third-party petitions filed with the Court and served upon the United States. The Court may determine any petition without the need for further hearings upon the receipt of the Government's response to any petition.  The Court may enter an amended order without further notice to the parties.

4.    Pursuant to the Attorney General's authority under Section 853(n)(1) of Title 21, United States Code, Rule 32.2(b)(6), Fed. R. Crim. P., and Rule G(4) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, the United States forthwith shall publish for thirty (30) consecutive days on the Government's forfeiture website, www.forfeiture.gov, notice of this Order, notice of the United States' intent to dispose of the property in such manner as the Attorney

General may direct, and notice that any person, other than the Defendant, having or claiming a legal interest in the above-listed forfeited property must file a petition with the Court within thirty (30) days of the final publication of notice or of receipt of actual notice, whichever is earlier.

5.   This notice shall state that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the property, shall be signed by the petitioner under penalty of perjury, and shall set forth the nature and extent of the petitioner's right, title or interest in the forfeited property and any additional facts supporting the petitioner's claim and the relief sought.

6.   The United States shall also, to the extent practicable, provide direct written notice to any person known to have alleged an interest in the property that is the subject of the Preliminary Order of Criminal Forfeiture, as a substitute for published notice as to those persons so notified.

7.   Upon adjudication of all third-party interests, this Court will enter an Amended Order of Forfeiture pursuant to 21 U.S.C. § 853(n) as to the aforementioned property, in which all interests will be addressed.

8.   Pursuant to Rule 32.2(b)(4), this Order of Forfeiture shall be made final as to the Defendant at the time of sentencing and is part of the sentence and included in the judgment.

IT IS SO ORDERED

DATED: July 1, 2022

Honorable Marilyn L. Huff
United States District Court Judge