UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　　　　Plaintiff,<br><br>v.<br><br>REYES ESPINOZA (1),<br><br>　　　　　　　　　　　Defendant. | Case No.:  21-cr-01559-H<br><br>**ORDER DENYING MOTION TO REDUCE SENTENCE PURSUANT TO 18 U.S.C. § 3582(c)(2)** |

　　　　On February 15, 2024, Defendant Reyes Espinoza, proceeding pro se, filed a motion to reduce sentence pursuant to 18 U.S.C. § 3582(c)(2) based on Amendment 821. (Doc. No. 2387.) On February 17, 2024, the Court referred Defendant's pro se motion to Federal Defenders pursuant to General Order No. 755 for review and the filing of a status report. (Doc. No. 2388.) Federal Defenders's status report was due by March 11, 2024. (Id.) For the reasons set forth below, the Court denies Defendant's motion to reduce sentence.

/ / /

/ / /

/ / /

**Background**

On May 25, 2021, the Government filed an indictment charging Defendant with: (Count 1) conspiracy to distribute methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and 846; and (Count 2) conspiracy to launder money in violation of 18 U.S.C. §§ 1956(h) and 1956(a)(1)(A)(i). (Doc. No. 1.) On April 22, 2022, Defendant, pursuant to a plea agreement, pled guilty before the Magistrate Judge to Counts 1 and 2 of the indictment. (Doc. Nos. 1426, 1608.) On April 22, 2022, the Magistrate Judge issued her findings and recommendation, finding that Defendant's plea of guilty was made knowingly and voluntarily; Defendant was competent to enter a plea; and there was a factual basis for Defendant's plea, and recommending that this Court accept Defendant's guilty plea. (Doc. No. 1433.) On May 10, 2022, this Court adopted the findings and recommendation of the Magistrate Judge and accepted the Defendant's guilty plea to count one of the information. (Doc. No. 1477.)

The Court held a sentencing hearing on November 7, 2022. (Doc. No. 1881.) At sentencing, the Court calculated Defendant's total offense level as 47 and criminal history category as IV, resulting in a guidelines range of life to life. In calculating Defendant's total offense level, Defendant received a 4-level upward adjustment under § 3B1.1 for aggravating role. In addition, in calculating Defendant's criminal history, Defendant received three criminal history points for his 2017 felony conviction for importation of methamphetamine in violation of California Health and Safety Code § 11379(a) and possession for sale of methamphetamine in violation of California Health and Safety Code § 11378, and Defendant received two criminal history points for his 2019 felony conviction for money laundering in the second degree in violation of Arizona Revised Statutes §§ 13-2317(B)(1), 13-701, 13-702, 13-801. (See Doc. No. 1581 at 20.) The Court then applied several downward departures pursuant to U.S.S.G. § 5K2.0, and the Court sentenced Defendant to a custodial term of 168 months followed by five years of supervised release. (Doc. Nos. 1881, 1884.) The Court entered a judgment on November 8, 2022. (Doc. No. 1884.) By the present motion, Defendant moves to reduce his sentence pursuant to 18

U.S.C. § 3582(c)(2) based on the new U.S.S.G. § 4C1.1, which contains an adjustment for certain zero-point offenders.  (Doc. No. 2387.)

## Discussion

### I.  Legal Standards

"'"A federal court generally "may not modify a term of imprisonment once it has been imposed."'"  United States v. Aruda, 993 F.3d 797, 799 (9th Cir. 2021) (quoting Dillon v. United States, 560 U.S. 817, 819 (2010); 18 U.S.C. § 3582(c)); accord United States v. Tadio, 663 F.3d 1042, 1046 (9th Cir. 2011); see also United States v. Barragan-Mendoza, 174 F.3d 1024, 1028 (9th Cir. 1999) ("[D]istrict courts do not have 'inherent authority' to reconsider sentencing orders.").  "But this general rule is subject to several exceptions."  United States v. Keller, 2 F.4th 1278, 1281 (9th Cir. 2021).  One of those exceptions is found in 18 U.S.C. § 3582(c)(2), which provides:

> in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

District courts must engage in a "two-step inquiry" to determine if a sentence reduction is appropriate under 18 U.S.C. § 3582(c)(2).  United States v. Brito, 868 F.3d 875, 879 (9th Cir. 2017) (citing Dillon, 560 U.S. at 826).  "First, a district court must determine whether a prisoner is eligible for a sentence reduction under the Commission's policy statement in § 1B1.10."  Id. (citing Dillon, 560 U.S. at 827).  "Second, a district court must 'consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by reference to the policies relevant at step one is warranted in whole or in part under the particular circumstances of the case.'"  Id.  The Ninth Circuit has "called these steps the 'eligibility prong' and the 'discretionary prong.'"  Id. (quoting United States v. Dunn, 728 F.3d 1151, 1157 (9th Cir. 2013)).

## II. Analysis

In his motion, Defendant argues that he is entitled to a sentence reduction under 18 U.S.C. § 3582(c)(2) based on the new U.S.S.G. § 4C1.1. (Doc. No. 2387.)

> The United States Sentencing Commission recently amended the Sentencing Guidelines to include what now appears in USSG § 4C1.1 ("zero-point provision"). See Amendment 821, Part B, Subpart 1. The zero-point provision provides a 2-offense-level reduction for certain offenders who present zero criminal history points and satisfy the criteria listed in USSG § 4C1.1(a). The United States Sentencing Commission made the zero-point provision retroactive beginning February 1, 2024.

United States v. Valenzuela, No. 114CR00188JLTSKO1, 2024 WL 281644, at *1 (E.D. Cal. Jan. 25, 2024).

The Court begins its analysis of Defendant's motion for a sentence reduction under 18 U.S.C. § 3582(c)(2) with the eligibility prong. "Under the eligibility prong, the district court must 'determine the amended guideline range that would have been applicable to the defendant if the amendment(s) to the guidelines listed in subsection (d) had been in effect at the time the defendant was sentenced . . . and shall leave all other guideline application decisions unaffected.'" Brito, 868 F.3d at 880 (quoting U.S.S.G. § 1B1.10(b)(1)).

U.S.S.G. § 4C1.1 provides a 2-level downward adjustment for certain zero-point offenders provided that the defendant meets certain specific criteria. See U.S.S.G. § 4C1.1(a). One of those criteria is that: "the defendant has not received any criminal history points." Id. (a)(1). At sentencing, in calculating Defendant's criminal history category, Defendant received three criminal history points for his 2017 felony conviction for importation of methamphetamine in violation of California Health and Safety Code § 11379(a) and possession for sale of methamphetamine in violation of California Health and Safety Code § 11378, and Defendant received two criminal history points for his 2019 felony conviction for money laundering in the second degree in violation of Arizona Revised Statutes §§ 13-2317(B)(1), 13-701, 13-702, 13-801. (See Doc. No. 1581 at 20.) Because Defendant received these five criminal history points, he is ineligible for an adjustment under U.S.S.G. § 4C1.1. See, e.g., United States v. Martinez-Rodriguez, No.

3:13-CR-00452-HZ-1, 2024 WL 65141, at *2 (D. Or. Jan. 5, 2024) ("[Part B of Amendment 821] reduces the term of imprisonment for offenders who receive no criminal history points. U.S.S.G. § 4C1.1(a). But here, the PSR is clear that Defendant received three criminal history points. Accordingly, he is not eligible for a reduction to his sentence based on Part B of Amendment 821."); United States v. Perez, No. 117CR00007JLTSKO, 2024 WL 626940, at *1 (E.D. Cal. Feb. 14, 2024) (denying motion for sentence reduction based on § 4C1.1 where defendant had two criminal history points).

In addition, another requirement for receiving a 2-level downward adjustment under § 4C1.1 is that: "the defendant did not receive an adjustment under § 3B1.1 (Aggravating Role) and was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. 848." U.S.S.G. § 4C1.1(a)(10). At sentencing, in calculating Defendant's total offense level, Defendant received a 4-level upward adjustment under § 3B1.1 for aggravating role. Because Defendant received an adjustment under § 3B1.1, that is an additional reason why Defendant is ineligible for an adjustment under U.S.S.G. § 4C1.1. See, e.g., United States v. Hernandez, No. CR 13-00511-01 JMS, 2023 WL 8701094, at *2 (D. Haw. Dec. 15, 2023) (denying motion for sentence reduction based on § 4C1.1 where defendant received an adjustment under § 3B1.1 for aggravating role).

In sum, Defendant is ineligible for an adjustment under § 4C1.1 for two separate reasons. As such, Defendant is ineligible for a sentence reduction based on § 4C1.1, and the Court denies Defendant's motion to reduce sentence.

/ / /

/ / /

/ / /

## Conclusion

For the reasons above, the Court denies Defendant's motion to reduce sentence under 18 U.S.C. § 3582(c)(2). The Court orders the Clerk of Court to mail a copy of this order to Defendant at his listed address of record.

**IT IS SO ORDERED.**

DATED: March 12, 2024

MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT